REDMANN, Judge.
Plaintiffs appeal from a summary judgment dismissing their suit against two manufacturers of gas stoves for damages from a house-trailer fire which occurred when the trailer stove was turned on.[1]
Each manufacturer’s motion was based on (1) an affidavit that it does not manufacture or supply a flexible tubing for gas, and (2) deposition testimony by the investigating deputy state fire marshal that he found a pinhead-sized hole in a flexible tubing bringing gas to a dryer, and did not find any leaks in the stove lines (though he did find one burner open). The marshal also expressed the opinion that the hole in the tubing was the source of gas which ignited causing the explosion he was told occurred. Plaintiff husband, an eye witness, testified in deposition there was no explosion. The gas dryer and tubing had been installed for seven months without incident.
In our judgment, movers showed only that there was no dispute that (1) a hole existed in the tubing after the fire and (2) the tubing was not made or supplied by movers. Movers did not remove dispute by showing that an inspection of the stove revealed that it was not defective, or by showing that the fire was not caused by any defect of the stove.
Doubtless we could affirm were this the only evidence produced by a trial on the .merits. But the affidavits and depositions do not “show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law”, as required by C.C.P. art. 966 for summary judgment.
The judgments dismissing the stove manufacturers are reversed. Costs to await final outcome.

. Not at issue is the unappealed dismissal of a third-party demand against the trailer lot operator.